UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM JOSEPH PALADINO,
JR, ET AL.,

      Plaintiffs,

v.                                              Case No.  8:21-cv-982-SCB-AAS

KSJ FAMILY, INC., ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' Motions to Dismiss. (Doc. No. 50, 55, 99).  Plaintiffs oppose the motions.  (Doc. No. 73, 74, 75).  As explained below, the motions are granted.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the

claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

This case involves Defendant KSJ Family, Inc.'s sale of an airplane to Plaintiffs William Joseph Paladino, Jr. and his company, Aviator Financial Consulting, LLC. Plaintiffs contend that all fourteen of the defendants in this case conspired to fraudulently conceal the fact that the airplane had extensive corrosion and was not airworthy in order to induce Plaintiffs to buy the airplane.

In response to the complaint, twelve of the defendants filed three motions to dismiss that are pending before the Court. Plaintiffs failed to file proof of service

on Defendants Lexi-Aire, Inc. and Robert Brown, and as a result, the Court dismissed Plaintiffs' claims against them.  (Doc. No. 53, 62, 70).

When evaluating the three pending motions to dismiss, this Court construes the facts alleged in the complaint in the light most favorable to Plaintiffs. However, because the complaint is an impermissible shotgun pleading, the Court points out the pleading deficiencies while setting forth the facts alleged therein.

## A.  The Parties

Plaintiff William Joseph Paladino, Jr. owns Plaintiff Aviator Financial Consulting, LLC.  Defendant KSJ Family, Inc. ("KSJ") owned the airplane at issue in this case, which it sold to Plaintiffs.  Approximately a year prior to the sale, Defendant Paula McCabe conducted the airplane's annual inspection and reported that it was airworthy.  After Plaintiffs and KSJ entered into the sales contract, WestCoast Aviation Services, LLC ("WestCoast") inspected the airplane and reported that it was airworthy.

The explanation set forth above is the extent of Plaintiffs' identification of the parties in this case beyond simply naming Defendants George Stickel, N421BM, LLC, Worldwide Option, LLC ("Worldwide"), International Aircraft Marketing & Sales, LLC ("IAMS"), Michael Lewis, Scott Evaschuk, Celia Mae Perkins, James F. Perkins, and Ronald D. Ciaravella.  This is one of many flaws in the complaint.

In one of the motions to dismiss, one set of defendants explained their relationship to the airplane and to this case. (Doc. No. 50). Specifically, these defendants explained that IAMS is the brokerage agency that listed the airplane for sale; Michael Lewis is IAMS' independent sales agent; and James and Celia Perkins are the owners of IAMS. Further, they explain that Worldwide is a prior owner of the airplane in its chain of title, and Celia Perkins is the manager of Worldwide. The Court does not know the specific relationships of Defendants George Stickel, N421BM, LLC, Scott Evaschuk, and Ronald D. Ciaravella to the airplane.

### B. The Sale and the Alleged Fraud

On September 5, 2020, Plaintiffs and KSJ entered into a contract for the sale of a 1976 Cessna Aircraft Company 421C model aircraft to Plaintiffs. On October 18, 2019, prior to Plaintiffs' purchase of the airplane, Defendant Paula McCabe inspected, repaired, and signed off on the airplane's annual inspection. In doing so, McCabe noted that the airplane was "determined to be in airworthy condition and [was] approved for return to service." (Doc. No. 1-3, p. 19).

Plaintiffs entered into a contract with WestCoast to perform a pre-buy inspection of the airplane. On September 16, 2020, after Plaintiffs and KSJ entered into the sales contract, WestCoast expended eleven hours inspecting the airplane and reported that the airplane was airworthy.

After purchasing the airplane, Plaintiffs flew it and determined quickly that the airplane was not in good condition despite "Defendants' representations and explicit entries in the [airplane's] maintenance records." (Doc. No. 1-3, p. 7, ¶ 26). Within the complaint, Plaintiff does not identify any representations that had been made other than: (1) McCabe's notation that the airplane was in airworthy condition on October 18, 2019, and (2) WestCoast's conclusion that the airplane was airworthy on September 16, 2020. Plaintiffs contend that these representations were false and misleading.

Thereafter, the airplane was transported to Air Impressions, and on October 1, 2020, Air Impressions performed an annual inspection of the airplane. Air Impressions concluded that the airplane was not in airworthy condition.

Plaintiffs also learned the previously undisclosed fact that no substantial flying of the airplane had occurred between 2010 and 2020, which likely resulted in significant corrosion to the airplane. Plaintiffs allege that the corrosion was covered up by a "paint job performed by some of the Defendants." (Doc. No. 1-3, p. 7, ¶ 29). Later in the complaint, Plaintiffs allege that the dismissed defendants—Lexi-Aire and Robert Brown—performed the paint job. (Doc. No. 1-3, p. 8, ¶ 32).

### C. Lumping Defendants Together When Alleging Their Conduct

Plaintiffs contend that all of the defendants conspired to fraudulently conceal the true condition of the airplane in order to induce Plaintiffs to buy it. Specifically, Plaintiffs allege that they "have determined that the fraudulent marketing and sale of the [airplane] [was] facilitated by all Defendants named in this lawsuit . . . and possibly others, who apparently determined that . . . an aircraft with little to no marketable value could be made to appear to be valuable and salable to unwitting purchasers such as Plaintiffs." (Doc. No. 1-3, p. 7-8, ¶ 30). Plaintiffs also allege that "Defendants worked together to conceal the true condition of the [airplane] including, but not limited to, covering up significant corrosion, in order to encourage the purchase of the [airplane] by Plaintiffs." (Doc. No. 1-3, p. 8 ¶ 31). These allegations impermissibly lump all of the defendants together instead of describing the conduct of each of the named defendants and explaining how their conduct specifically facilitated the allegedly fraudulent marketing and sale of the airplane.

### D. Plaintiffs' Claims

Based on the above, Plaintiffs assert six claims. In Count 1, Plaintiffs assert a breach of contract claim against KSJ, claiming that KSJ failed to perform its obligations under the terms of the sales contract. Plaintiffs do not identify any specific obligations that KSJ allegedly breached. Plaintiffs also allege that

WestCoast breached its contract with Plaintiffs by failing to properly inspect, identify, and reveal the airplane's airworthy issues.

Notably missing in support of Count 1 is the sales contract and the inspection contract. Because Plaintiff failed to attach these documents to the complaint, the Court directed Plaintiffs to file them for the Court's consideration in connection with the motions to dismiss. (Doc. No. 77, 79).

A review of the sales contract shows that the airplane was sold "in an AS-IS, WHERE-IS condition, with [KSJ] offering **no warranties or guarantees** of any kind whatsoever." (Doc. No. 79-1, ¶ 4). Furthermore, the sales contract provides that it sets forth the entire agreement between the parties "and supersedes all previous communications, representations, or agreements, whether oral or written between the parties with respect to the sale and purchase of the" airplane. (Doc. No. 79-1, ¶ 18).

In Count 2, Plaintiffs assert a promissory estoppel claim against KSJ, claiming that KSJ promised to deliver the airplane "in an agreed-upon condition." (Doc. No. 1-3, p. 10, ¶ 42). Plaintiffs, however, do not state what the agreed-upon condition was. Notably, Plaintiffs do not allege that KSJ agreed to deliver the airplane in airworthy condition, and even if Plaintiffs had made such an allegation, the sales contract would belie such an assertion. Plaintiffs also allege a promissory

estoppel claim against WestCoast, alleging that WestCoast promised to truthfully inspect the airplane.

In Count 3, Plaintiffs assert a breach of express warranty claim against KSJ, claiming that KSJ stated that the airplane would be delivered in accordance with the terms of the sales contract, which created an express warranty that the airplane would perform as affirmed and promised. Plaintiffs, however, fail to state the specific express warranty that KSJ allegedly made, and again, the sales contract specifically states that KSJ made no warranties or guarantees. Plaintiffs also contend that KSJ breached the implied warranty of fitness for a particular purpose—that the airplane would be fit for the ordinary purpose for which it was intended. Likewise, Plaintiffs assert a breach of implied warranty claim against WestCoast, alleging that WestCoast breach its implied warranties of good and workmanlike inspection services and that its inspection was fit for the particular purpose for which it was sought.

In Count 4, Plaintiffs allege violations of the Texas Deceptive Trade Practices Act ("TDTPA") against KSJ and WestCoast.[1] Plaintiffs contend that KSJ and WestCoast violated the TDTPA by engaging in false, misleading, and/or deceptive acts when they: (1) represented that the airplane had characteristics, benefits or qualities that it did not have, (2) represented that the airplane was of a

---

[1] Plaintiffs are citizens of Texas. (Doc. No. 51).

particular standard, quality, or grade, when it was of another, (3) failed to disclose information concerning the airplane that KSJ and WestCoast knew at the time of the transactions, and (4) breached their express and implied warranties. Plaintiffs also allege that KSJ and WestCoast "took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree." (Doc. No. 1-3, p. 14, ¶ 64). These vague allegations do not put KSJ and WestCoast on notice of the specific representations that they made or the specific disclosures that they failed to make, all of which Plaintiffs contend were false, misleading, and/or deceptive acts.

In Count 5, Plaintiffs assert a fraud claim against all of the defendants. In support of this claim, Plaintiffs allege the following: "Defendants made false, material representation[s] to Plaintiffs, verbally and in writing, knowing the representations were false, misleading, and deceptive. Defendants insured [sic] the [airplane] had the appearance of being in an airworthy condition, when it was not, which should have been reported to Plaintiffs, but was not. Defendants also entered into a conspiracy with the specific objective of fraudulently concealing the true condition of the Aircraft in order to ensure its sale to Plaintiffs for substantial amounts of money." (Doc. No. 1-3, p. 14, ¶ 68). In asserting this claim, Plaintiffs simply allege that all of the defendants acted together without specifying the

conduct of each defendant.  Plaintiffs also fail to satisfy the heightened pleading requirements for a fraud claim.

In Count 6, Plaintiffs assert a conspiracy claim against all of the defendants. In support of this claim, Plaintiffs allege the following:

> 70.  Defendants agreed to transfer the ownership of the [airplane] to Plaintiffs by unlawful means. Specifically, KSJ entered into the Agreement to sell the [airplane] to Plaintiffs with the intent to sell the [airplane] based on several fraudulent[] acts in furtherance of ultimately selling the [airplane] to an unsuspecting purchaser . . . .
>
> 71. Defendants acted with the intent to harm Plaintiffs. To accomplish the object of their agreement, [KSJ] sold the [airplane] to Plaintiffs, after several actions were taken to conceal the true nature of the [airplane] . . . including, but not limited to, the paint job performed by Lexi-Aire to cover up the [airplane's] corrosion, and the false and misleading statements provided in the inspection reports of both Ms. McCabe and WestCoast.
>
> 72. The substantial conspiratorial efforts on the part of all Defendants contributed to Plaintiffs' purchase of what had essentially been [an] aircraft completely abandoned for approximately a decade, which proximately caused injury to Plaintiffs.

(Doc. No. 1-3, p. 15).  In asserting this claim, Plaintiffs once again simply allege that all of the defendants acted together without specifying the conduct of each defendant.

### III. Motions to Dismiss

In response to the complaint, the remaining twelve defendants filed three motions to dismiss. The motions largely overlap and argue for dismissal due to the complaint being an impermissible shotgun pleading and due to Plaintiffs' failure to comply with the heightened pleading standard for fraud. These arguments are primarily directed at the fraud and conspiracy claims in Counts 5 and 6. As explained below, the Court agrees with Defendants and dismisses the complaint without prejudice. However, the Court will give Plaintiffs leave to amend.

### A. Counts 1-4 Against KSJ and WestCoast

KSJ and WestCoast fail to specifically address the deficiencies in Counts 1-4, other than pointing out that Plaintiffs failed to attach the airplane sales contract with KSJ and the inspection contract with WestCoast. However, because many of the pleading deficiencies in those counts are glaring, the Court has addressed them in the background section of this order. Should Plaintiffs file an amended complaint and should KSJ and WestCoast move again for dismissal, KSJ and WestCoast should substantively analyze each claim and specifically identify any deficiencies that they believe support dismissal.[2]

---

[2] A barely seven-page motion that does not comply with the Court's font requirements and does not specifically and substantively address each claim that KSJ and WestCoast believe to be deficient is not proper motion practice. KSJ and WestCoast spend most of their motion setting forth the proper pleading standards, yet they fail for the most part to identify the specific allegations that are lacking for Counts 1-4.

### B. Fraud and Conspiracy Claims Against All Defendants

Defendants argue that the fraud and conspiracy claims in Counts 5 and 6 should be dismissed, because: (1) the complaint is an impermissible shotgun pleading; and (2) Plaintiffs fail to comply with the heightened pleading standard for fraud. Both arguments have merit.

### 1. Shotgun Pleading

An impermissible shotgun pleading is one that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). One example of such a pleading is when a plaintiff asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" that give rise to a claim for relief. Id.

In Counts 5 and 6 of the complaint, Plaintiffs assert fraud and conspiracy claims against twelve defendants without specifying the actions or inactions of each of the defendants. In fact, Plaintiffs fail to even explain many of the defendants' relationships to the airplane, much less explain how they each engaged in the alleged fraud. Thus, the complaint is an impermissible shotgun pleading that fails to give each defendant adequate notice of the claims asserted against them and the factual basis for each claim.

## 2.  Heightened Pleading Standard

In Counts 5 and 6, Plaintiffs assert claims for fraud and conspiracy to defraud.  Claims of fraud are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires the party to state with particularity the circumstances constituting fraud.  As explained by one court:

> The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. The application of Rule 9(b), however, must not abrogate the concept of notice pleading. Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks and citations omitted).

Plaintiffs' fraud claim in Count 5 does not comport with Rule 9(b).  In order to state a fraud claim, Plaintiffs must allege: "(1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation."  Lopez-Infante v.

13

Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002) (citations omitted).

The only specific representations that Plaintiffs identify are: (1) McCabe's notation that the airplane was in airworthy condition on October 18, 2019, and (2) WestCoast's conclusion that the airplane was airworthy on September 16, 2020. The only omissions that the Court can surmise is KSJ's failure to inform Plaintiffs that the airplane was not airworthy, that no substantial flying of the airplane had occurred between 2010 and 2020, and that significant corrosion on the airplane existed and had been painted over. Beyond that, there is no information about any other representations or omissions by the other defendants. Furthermore, Plaintiffs fail to allege: (1) when the paint job to cover the corrosion occurred; (2) which of the defendants knew of the existence of the corrosion; (3) which of the defendants knew that the paint job was covering the corrosion; and (4) which of the defendants knew that no substantial flying of the airplane had occurred between 2010 and 2020.

Plaintiffs contend that there is an exception to Rule 9(b) when the facts are exclusively within the defendants' control. Even if the Court was persuaded by such an argument, Plaintiffs would still be required to allege a basis for their belief that Defendants engaged in the fraudulent conduct, which Plaintiffs have not done.

Likewise, Plaintiffs' conspiracy claim in Count 6 does not comport with Rule 9(b). Since Plaintiffs contend that Defendants engaged in a conspiracy to defraud them, their conspiracy claim must comport with Rule 9(b). See American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1067-68 (11th Cir. 2007). Plaintiffs fail to even comply with the notice pleading requirement of Rule 8(a) with respect to their conspiracy claim, as they fail to allege all of the elements of such a claim:

> The elements of a claim for civil conspiracy are: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." There is no requirement that each co-conspirator commit acts in furtherance of the conspiracy; it is sufficient if each conspirator knows of the scheme and assists in some way.

MP, LLC v. Sterling Holding, LLC, 231 So. 3d 517, 521–22 (Fla. 3d DCA 2017) (internal citations omitted). Instead, Plaintiffs simply make the conclusory allegation that Defendants conspired to fraudulently induce them to buy the airplane.

For the reasons stated above, the Court finds that the complaint is an impermissible shotgun pleading that does not comply with the notice requirements of Rules 8(a) or 9(b). As such, the complaint must be dismissed. The Court will grant Plaintiffs leave to amend, should they wish to do so.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendants' Motions to Dismiss (Doc. No. 50, 55, 99) are **GRANTED**, and Plaintiffs' complaint is dismissed without prejudice.

(2)     Plaintiffs may file an amended complaint by August 2, 2021. Failure to do so will result in this case being closed without further notice.

DONE AND ORDERED at Tampa, Florida, this 22nd day of July, 2021.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record